**Sidney BENDER and Aaron Lewittes d/b/a Leventritt, Lewittes & Bender, Plaintiffs-Appellants,**

**v.**

**Edward A. CROWN, Executor under Will of Robert Crown, et al., Defendants-Appellees.**

**No. 76–1677.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 8, 1977.

Decided March 15, 1977.

**170**

Sidney Bender, New York City, M. I. Mishkin, Chicago, Ill., for plaintiffs-appellants.

Albert E. Jenner, Jr., Keith F. Bode, Chicago, Ill., for defendants-appellees.

Before BAUER and WOOD, Circuit Judges, and SHARP,* District Judge.

ALLEN SHARP, District Judge.

We are here invited to create new opportunities for bold and aggressive lawyers to collect legal fees. The district court declined the invitation and dismissed appellants' amended complaint. We will not accept the invitation and affirm that dismissal.

It is elementary that we must accept all of the facts well pleaded in the appellants' amended complaint as true and we do so.

The appellants in this case are lawyers who represented various parties, not including these appellees, in certain proceedings before the Securities and Exchange Commission which were settled on November 28, 1969. In the SEC proceedings the appellants were involved in an application to allow Berkshire Industries, Inc. to merge with American-Hawaiian Steamship Company pursuant to Section 17(b) of the Investment Act of 1940 which is 15 U.S.C., Section 80a–17(b). These appellants represented certain stockholders of American-Hawaiian who opposed that merger.

The appellees are fiduciaries representing certain Crown financial interests with a situs in Chicago, Illinois. The appellees were also stockholders of American-Hawaiian but were never represented by these appellants.

After evidentiary hearings before the SEC the application of Berkshire was abandoned by it which allowed the minority stockholders of American-Hawaiian the option of rescinding the sale of their stock to Berkshire. The appellees did rescind and later sold back their stock to Berkshire at a much higher price than was originally specified. The appellants alleged that this result was reached primarily by their efforts before the SEC. The appellants further assert that the benefits were not conferred upon the appellees until the resale of their stock was consummated in 1973.

Following the conclusion of the SEC proceedings these appellants sued certain

* The Honorable Allen Sharp, United States District Court for the Northern District of Indiana, is sitting by designation.

stockholders of American-Hawaiian who did not rescind but whose stock had allegedly been shown in the proceeding to be worth $650.00 per share instead of the $275.00 per share paid by Berkshire. These appellants also sued a rescinding shareholder who eventually recovered damages at the rate of $635.00 a share against the third party at his own expense. The appellants sued these minority shareholders on a quantum meruit theory in the United States District Court of the Southern District of New York which case was terminated by that district court granting a dismissal adverse to these appellants and the same was affirmed on appeal. *See Grace v. Ludwig,* 484 F.2d 1262 (2d Cir. 1973), cert. den. 416 U.S. 905, 94 S.Ct. 1610, 40 L.Ed.2d 110 (1974).

The case filed by the appellants in New York was originally filed as a class action but these appellants abandoned the class aspect of that case before October 17, 1972.

This case was commenced in the district court here on September 9, 1975. The amended complaint alleges that the appellees did rescind and ultimately accepted Berkshire's offer of $750.00 a share for their stock in American-Hawaiian. These appellants claimed 25% of the increased amount received by appellees for that stock.

We hold, that given all the liberal intendments to which the appellants' amended complaint is entitled, there is no statement of a claim on which relief may be granted and the allegations thereof were insufficient to invoke the jurisdiction of the district court.

All of the issues presented in this case were presented by these same appellants in *Grace v. Ludwig,* 484 F.2d 1262 (2d Cir. 1973), cert. den. 416 U.S. 905, 94 S.Ct. 1610, 40 L.Ed.2d 110 (1974). It would serve no useful purpose to restate here the careful and correct determination of all of those issues reflected in the opinion of Judge Mulligan speaking for the Second Circuit. We adopt the reasoning and result of that opinion as our own here.

These appellants also attempt to bring themselves within the parameters of the private attorney general concept. However, neither *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), nor *Bailey v. Meister Brau,* 535 F.2d 982 (7th Cir. 1976), provide any consolation or authority for that effort. It is noteworthy in *Alyeska* the Supreme Court stated: "Courts are not free to fashion drastic new rules with respect to the allowance of attorneys' fees to the prevailing party in federal litigation . . . ." 421 U.S. 269, 95 S.Ct. 1627. The facts alleged in this case considered in the light most favorable to the appellant failed to present a close case for application of the so-called private attorney general concept.

Since we now here decide that the amended complaint fails both to invoke the jurisdiction of the district court and to state a claim upon which relief can be granted, it is unnecessary for us to reach the additional questions dealt with by the district court, namely, laches and the statute of limitations.

AFFIRMED.